## UNITED STATES v. SULLIVAN.
### No. 394.

Circuit Court of Appeals, Second Circuit.

July 12, 1938.

James I. Cuff, of New York City, and Louis J. Castellano, of Brooklyn, N. Y. (James I. Cuff, of New York City, and Louis J. Castellano and Arthur L. Bur-

chell, both of Brooklyn, N. Y., of counsel), for appellant.

Michael F. Walsh, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and James D. Saver, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

John J. Sullivan has appealed from a judgment of conviction on six counts of an indictment. Counts 1, 2, 4 and 6 charged wilful attempts to defeat and evade income taxes for the years 1929 to 1932, inclusive, each count relating to a separate year, and counts 3 and 5, respectively, charged wilful failure to make a tax return for 1931 and 1932. On each count the appellant was sentenced to a term of nine months' imprisonment (the terms to be served concurrently) and to the payment of a fine, the aggregate of such fines amounting to $10,000. The statutory provisions upon which the charges are based are section 146 of the Revenue Act of 1928, 45 Stat. 835, and section 145 of the Revenue Act of 1932, 47 Stat. 217. These sections are in identical language and may conveniently be found in 26 U.S.C.A. § 145.

It is unnecessary to summarize the evidence offered on behalf of the government, for the appellant concedes that the proof established that in each year in question he received an income sufficient to obligate him to file a return, and that none was filed. He himself called no witnesses and submitted no evidence.

His first contention is that there was a misjoinder of causes of action and that the district court erred in denying a motion made at the opening of the trial and renewed thereafter to compel the United States Attorney to elect upon which count or counts he would proceed. The applicable statute is 18 U.S.C.A. § 557: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

■■ Although the attempt to evade the tax for a given year is a separate offense from an attempt to evade the tax for a different year; they are clearly crimes "of the same class." Moreover, the evidence of intent to evade the tax in one year is competent evidence of intent to evade the tax in a later year. Emmich v. United States, 6 Cir., 298 F. 5, 9, certiorari denied 266 U.S. 608, 45 S.Ct. 93, 69 L.Ed. 465; cf. Harris v. United States, 2 Cir., 273 F. 785. Indeed, the crimes charged in the indictment describe one course of conduct extending over several years, which results in separate offenses simply because the duty to file a return and pay the tax is one that recurs every twelve months. Under these circumstances we think it very clear that joinder of the charges was proper. A similar joinder was assumed to be proper in United States v. Miro, 2 Cir., 60 F.2d 58, where the point was not debated. To establish that joinder was wrong, the appellant relies upon DeLuca v. United States, 2 Cir., 299 F. 741; Beaux-Arts Dresses v. United States, 2 Cir., 9 F.2d 531; Castellini v. United States, 6 Cir., 64 F.2d 636. Those cases involved situations so different from that of the case at bar as to throw no light upon the issue under discussion.

■■ It is further contended that the appellant was convicted without proof of wilful intent on his part. This contention disregards the evidence of special agent Marshall who testified that Sullivan admitted that he knew since about 1928 that he should have filed tax returns, but nevertheless had made no effort to pay his taxes or get in touch with any government official about his income. Plainly the issue of criminal intent was for the jury. United States v. Commerford, 2 Cir., 64 F.2d 28, 30. Upon this issue it is also urged that there was error in excluding evidence that after Sullivan was called upon by the tax investigators for information concerning his income, he frankly and fairly disclosed it and offered to pay his taxes. In view of the undisputed testimony that he knew by 1928 that he should file tax returns, his conduct after the investigation began would be slight, if any, evidence of innocence; rather the inference should be that after he was caught he hoped to better his position by disclosing the amount of his income and paying the taxes. See

United States v. McCormick, 2 Cir., 67 F.2d 867, 868. There was no error in excluding such evidence.

 Finally, complaint is made that a deputy collector of internal revenue was allowed to testify that he had searched the "card file records" and found that in 1917 a tax return was filed by a taxpayer named John Sullivan from an address which was at one time the appellant's residence. Objection was made that there was "no competent basis for its admission." It is now argued that the card file records were not the best evidence; and that the 1917 return itself should have been introduced, or its absence accounted for before secondary evidence of its contents was admitted. It may well be doubted whether the objection as stated was sufficient to call the court's attention to the best evidence rule. Assuming, however, that it was, admission of the testimony could not have been seriously prejudicial. It bore only on the appellant's knowledge of his duty to file returns in the years in question, and such knowledge was clearly proved by the aforesaid admission of the appellant, to which Marshall testified without contradiction.

Finding no prejudicial error in the record, we affirm the judgment.