Petition of **UNITED STATES** of America for a Writ of Mandamus.

No. 17644.

United States Court of Appeals
Ninth Circuit.
Aug. 16, 1962.

Francis C. Whelan, U. S. Atty., and Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, Los Angeles, Cal., for plaintiff-appellant.

Lloyd F. Dunn, Los Angeles, Cal., and Clifford E. Royston, Pasadena, for defendant-appellee.

Before BARNES, JERTBERG and BROWNING, Circuit Judges.

PER CURIAM.

A federal grand jury returned a four-count indictment charging Louis A. Baumer with willful attempt to evade and defeat income taxes for each of the years 1954, 1955, 1956 and 1957. A date was fixed for trial of all counts. The defendant expressed a desire to enter a plea of *nolo contendere* to one count, but to no more. The government offered to dismiss two counts, but was not willing to dismiss three. The Court vacated the trial setting, accepted the plea of *nolo contendere* to one count, and called for a presentence report.

After reviewing and considering the presentence report the Court imposed sentence on the count to which defendant had pleaded *nolo contendere,* and dismissed the remaining three counts. The Court stated its reason as follows: "I am going to dismiss them in the interests of justice. The defendant has been sentenced on one count and I think that is fair, and I will just say in the interests of justice. I think he has been punished enough. They have a civil remedy, and I think that is sufficient." The United States now seeks a writ of mandamus directing the District Court to vacate the order dismissing the three counts and to set a date for trial.

Each of the four counts charged a separate and independent offense. United States v. Johnson, 123 F.2d 111, 119 (7th Cir. 1941); United States v. Sullivan, 98 F.2d 79, 80 (2d Cir. 1938). We have concluded that dismissal of three of the counts over the government's objection on the sole ground that the Court had already imposed a "sufficient" sentence upon the fourth count denied the executive branch its right to prosecute, and the entry of the order was therefore beyond the Court's power. See Ex Parte United States, 287 U.S. 241, 250–251, 53 S.Ct. 129, 77 L.Ed. 283 (1932); United States v. Thompson, 251 U.S. 407, 412, 415, 40 S.Ct. 289, 64 L.Ed. 333 (1920); Ex Parte United States, 242 U.S. 27, 41–42, 37 S.Ct. 72, 61 L.Ed. 129 (1916); In re United States, 286 F.2d 556, 563–565 (1st Cir. 1961), reversed on other grounds sub nom. Fong Foo v. United States, 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962). This does not mean, of course, that the District Court lacks power to terminate a prosecution in a proper case. See, e. g., Gore v. United States, 367 U.S. 364, 367–370, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); United States v. Heath, 260 F.2d 623, 625–627, 632 (9th Cir. 1958); Caldwell v. United States, 92 U.S.App. D.C. 355, 205 F.2d 879, 881–882 (1953).

In the circumstances, defendant's plea of *nolo contendere* may have been entered under such a misapprehension that the District Court might properly give serious consideration to a motion to set aside the conviction and permit withdrawal of the plea. Fed.Rules Crim.Proc., Rule 32 (d), 18 U.S.C.A.

We entertain no doubt that on the basis of our decision the District Court will take appropriate steps to correct its earlier ruling. Action on the petition for writ of mandamus is deferred for thirty days from the date of filing of this opinion.