**UNITED STATES of America,**
**Appellant,**

v.

**Andre L. GAINEY.**

**Nos. 24249, 24250.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 10, 1970.

Decided March 2, 1971.

Petition for Rehearing Denied
March 23, 1971.

Mr. Gregory C. Brady, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Stephen W. Grafman, Asst. U. S. Attys., were on the brief, for appellant. Mr. William H. Collins, Jr., Asst. U. S. Atty., also entered an appearance for appellant.

Mr. David M. Davenport (appointed by this Court) for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and GORDON,* U. S. District Judge for the Eastern District of Wisconsin.

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

MYRON L. GORDON, District Judge:

The district court entered orders which dismissed two criminal charges brought against the defendant. This appeal seeks to have such orders reversed and to have the cases placed back on the trial calendar.

After the defendant was sentenced by the court in a third case, counsel for both the government and the defendant indicated in open court that guilty pleas would be submitted in the two remaining cases. However, the court declined to accept such pleas when the accused himself responded negatively when asked by the trial court whether he understood the charges. This led the district court to conclude that it was going to be necessary to proceed to trial in the two remaining cases in spite of the willingness of both the government and the defendant's attorney to have a guilty plea accepted.

Faced with "this particular defendant's intransigence", the trial court determined that the two cases should be dismissed, notwithstanding the absence of assent by the prosecutor. In a written memorandum, the trial judge pointed to the large backlog of criminal prosecutions and the need for the court to husband its resources.

■ In dismissing the two cases, the district court also directed that such dismissals were not to be effective until there was an affirmance of the appeal in the case on which the defendant had just been sentenced. Although the defendant contends that the order was not a final one, we are persuaded that an appeal may be taken from such order under 28 U.S.C. § 1291. It cannot reasonably be said that the court's dismissal was either tentative or contingent. The form of the order made it possible that it would in some future time be vacated, but such contingency was sufficiently remote so that it should be denominated a final order for purposes of this appeal. Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957).

■ The reasons for the dismissal reflected in the district court's memorandum are entirely laudable. Faced with the duty to alleviate their clogged dockets, trial judges should address themselves to the backlog problem. Nevertheless, we conclude that it was not within the trial court's discretion to enter these dismissals. In Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479, 480 (1967), this court said:

"Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought."

A similar point of view is asserted in United States v. Cox, 342 F.2d 167 (5th Cir. 1965). See also, In re Petition of United States, 306 F.2d 737, 738 (9th Cir. 1962).

We express no opinion as to whether the proposed amendment to Rule 48(b), Federal Rules of Criminal Procedure, would result in a different approach to the problem at bar.

There may have been valid policy considerations which would justify the government's disinclination to dismiss the two charges, even though the prosecution was willing to reduce the charges in contemplation of the entry of guilty pleas. The reduction of the charges is quite different from the dismissal of charges; even if no additional sentence were provided, the existence of two additional convictions would probably affect the defendant's status with reference to parole. The additional convictions might also make the defendant subject to repeater statutes in the event of subsequent crimes.

We conclude that it is a proper function of the United States attorney to decide whether a person charged with crime should be brought to account as to

other alleged crimes committed by the same defendant.

Accordingly, we find that the district court did not have the discretionary power to dismiss the two cases in question and that said cases must be remanded to said court for further proceedings.

Reversed.