**UNITED STATES of America, Appellant,**

v.

**Helmer J. OLSON, Appellee.**

No. 74–1604.

United States Court of Appeals, Ninth Circuit.

Oct. 17, 1974.

---

* The Honorable Fred M. Taylor, Senior United States District Judge for the District of Idaho, sitting by designation.

A. Lee Petersen, Asst. U. S. Atty. (argued), Anchorage, Alaska, for appellant.

Ernest Z. Rehbock, Anchorage, Alaska (argued), for appellee.

Before BROWNING, ELY and GOODWIN, Circuit Judges.

## OPINION

ELY, Circuit Judge:

Olson, the appellee, was charged in a four-count indictment with various violations of 21 U.S.C. § 841(a)(1), § 846, and 18 U.S.C. § 2. Count I charged that on or about September 1, 1973, Olson aided in the distribution of 20,000 doses of methamphetamine. Counts II and III charged, respectively, Olson's distribution of five pounds of marihuana in March of 1973 and two pounds of marihuana in April of 1973. Count IV charged Olson with conspiracy to distribute controlled substances. Three hours before trial was scheduled to begin, the Court, acting on its own motion, ordered the Government to elect one count of the indictment upon which the defendant would stand trial. The Court's order recites as its sole rationale that because it was "highly improbable" that, even upon conviction as to all counts, the court would impose consecutive sentences, nothing would be gained by prosecution on multiple counts.

The Government refused to elect one count for trial, on the ground that there was no showing that the joinder of the counts in the indictment and their si-

multaneous trial would prejudice either party. The Government also claimed that forcing it to elect only the conspiracy count, which encompassed all the evidence of the other counts, would not shorten the trial because the principal evidence in the case consisted of tape recorded conversations of Olson and an informant containing discussions of facts constituting the basis of the three substantive counts. Therefore, argued the prosecution, it would be impossible to play the tape recordings without the jury hearing information supporting all four counts of the indictment.

The Court then ordered the Government to elect one count for trial or suffer a dismissal of the indictment with prejudice, stating that the United States Attorney in the district had adopted a policy of presenting to the Grand Jury lengthy multi-count indictments which served only to burden an "already over-busy" court with lengthy jury trials and complex jury instructions. The Court reiterated that since consecutive sentences are rarely imposed, the same basic result could be reached by the prosecution of only one count. The Court's order states: "It escapes the court, if the government has any case at all, why the successful prosecution of Count I, for example, which is a felony and carries a penalty of imprisonment of not more than 15 years, a fine of not more than $25,000 or both, is not sufficient blood under the circumstances." The Government again declined to elect one count, and the Court dismissed the indictment with prejudice. The Government appeals.

Since no jury had been empaneled and sworn, jeopardy has not attached.

Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); Alexander v. Fogliana, 375 F.2d 733, 734 (9th Cir. 1967).

■■ Although the District Court's order does not so state, both appellant and appellee assume that the authority claimed for the Court's order rests upon Rule 14 of the Federal Rules of Criminal Procedure.[1] It is uniformly recognized that even though counts are permissibly joined in the same indictment under Rule 8(a),[2] if such joinder would create undue prejudice to an accused during his trial, the Court has the discretion under Rule 14 to order a prosecution election among counts or a severance of the counts for trial. Bradley v. United States, 140 U.S.App.D.C. 7, 433 F.2d 1113 (1969); Blunt v. United States, 131 U.S.App.D.C. 306, 404 F.2d 1283 (1968), cert. denied, 394 U.S. 909, 89 S.Ct. 1021, 22 L.Ed.2d 221 (1969). It is also recognized that a motion under Rule 14 is addressed to the discretion of the trial judge, and that the Court's exercise of such discretion, will not be disturbed, absent abuse. Tillman v. United States, 406 F.2d 930 (5th Cir. 1969); 8 J. Moore, Federal Practice ¶ 14.02 [1], at 14–3 (2d ed. 1968).

■ However, although Rule 14 explicitly grants the trial judge the power to order an election or separate trial of counts upon a finding that the defendant may be prejudiced by a joint trial of the alleged offenses, the rule does not provide for the dismissal of all counts with prejudice as a sanction for the Government's refusal to elect. Moreover, there is nothing in the text of Rule 14, nor in the cases construing the rule, that supports the proposition that the

---

1. Fed.R.Crim.P. 14:

"Relief from Prejudicial Joinder. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. . . . "

2. Fed.R.Crim.P. 8(a):

"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting part of a common scheme or plan."

rule confers such a power. Under Rule 14, the trial judge in his discretion is given the power to order separate trials of counts, and may sever one count for trial while the others are held in abeyance pending disposition of the first trial. As we reemphasize, however, we have found no authority that supports the recognition of any power to dismiss counts of the indictment in the circumstances presented in the present case.

■ A further consideration indicating that the trial judge lacked the power to dismiss the indictment here is the doctrine of separation of powers. In United States v. Cox, 342 F.2d 167 (5th Cir. 1965), cert. denied, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965), this principle was succinctly described by Judge Jones:

> "Although as a member of the bar, the attorney for the United States is an officer of the court, he is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case. It follows, as an incident of the constitutional separation of powers, that the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions." 342 F.2d at 171.

This language has been quoted with approval in several other Circuits. United States v. Brown, 481 F.2d 1035, 1043 (8th Cir. 1973); Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379 (2d Cir. 1973); Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479, 481 (1967). Although the District Court had commendable motives in seeking to deal with the United States Attorney's policy of presenting overly lengthy indictments, this did not justify an invasion of the powers of the executive. "On the District Attorney rests the responsibility to determine whether to prosecute, when to prosecute, and on what charges to prosecute. A case is not to be summarily dismissed because the court disagrees with some policy of the District Attorney's office." United States v. Shaw, 226 A.2d 366, 368 (D.C.Ct.App.1967).

A somewhat analogous situation was presented to our court in Petition of United States, 306 F.2d 737 (9th Cir. 1962), a mandamus proceeding to compel a district court to vacate its order dismissing three counts of a four count indictment charging the accused with a willful attempt to evade income taxes for each of four consecutive years. After accepting a plea of nolo contendere as to one count, the trial judge dismissed the remaining three counts, stating his reason as follows: "I am going to dismiss them in the interests of justice. The defendant has been sentenced on one count and I think that is fair, and I will just say in the interests of justice. I think he has been punished enough. They have a civil remedy and I think that is sufficient." In holding that the District Court lacked the power to dismiss, we wrote:

> "Each of the four counts charged a separate and independent offense. United States v. Johnson, 123 F.2d 111, 119 (7th Cir. 1941); United States v. Sullivan, 98 F.2d 79, 80 (2d Cir. 1938). We have concluded that dismissal of three of the counts over the government's objection on the sole ground that the Court had already imposed a 'sufficient' sentence upon the fourth count denied the executive branch its right to prosecute, and the entry of the order was therefore beyond the Court's power." 306 F.2d at 738.

*See also* United States v. Gray, 448 F.2d 164 (9th Cir. 1971), cert. denied, 405 U. S. 926, 92 S.Ct. 974, 30 L.Ed.2d 798

(1972); [3] United States v. Gainey, 142 U.S.App.D.C. 262, 440 F.2d 290 (1971).[4]

On the basis of the teaching of the foregoing authorities, we conclude that the District Court exceeded its authority in dismissing the whole indictment with prejudice. Accordingly, the District Court's Order of dismissal is vacated, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

---

3. In *Gray*, the Court of Appeals held that the District Court had no authority to accept, without the consent of the Government, pleas of guilty to lesser offenses included in the offenses charged in the indictment, because "[t]he practice utilized by the respondent would terminate a criminal proceeding prior to the resolution of the factual issues raised by the indictment and would deprive the government of the right of trial by jury." 448 F.2d at 168.

4. In *Gainey*, the District Court dismissed several cases over the Government's objection because the Court had a large backlog of criminal cases. In its reversing opinion, the Court of Appeals stated:

"The reasons for the dismissal reflected in the district court's memorandum are entirely laudable. Faced with the duty to alleviate their clogged dockets, trial judges should address themselves to the backlog problem. Nevertheless, we conclude that it was not within the trial court's discretion to enter these dismissals. In Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479, 480 (1967), this court said:

'Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or

whether to dismiss a proceeding once brought.'

.   .   .   .   .   .

"We conclude that it is a proper function of the United States attorney to decide whether a person charged with crime should be brought to account as to other alleged crimes committed by the same defendant. Accordingly, we find that the district court did not have the discretionary power to dismiss the two cases in question and that said cases must be remanded to said court for further proceedings." 440 F.2d at 291–292, quoted with approval in United States v. Brown, *supra*, 481 F.2d at 1043.