BLANCHE, Justice.*
The defendant, Billy Ray Washington, was indicted on four counts of attempted aggravated rape. These counts were all tried in a single proceeding and the defendant was found guilty on all counts. He was sentenced to fifty years on each count, the sentences to run consecutively.
The charges lodged against defendant arose from the abduction and sexual assault, in separate incidents, of four different five- and six-year-old girls during a three-month period in Shreveport in 1978.
The first incident occurred in the late afternoon or early evening hours of May 30, 1978, and involved a six-year-old child. The child was riding her bicycle on the sidewalk near her Shreveport home when a man in an orange car drove up and offered her some candy. When she refused, the man grabbed her, put her in the car, and drove to a nearby lake located at the end of a dead end street. There, the man assaulted the girl. . After the assault, he drove her to a location near her home.
The second incident involved the sexual assault of a five-year-old child. While riding her bicycle near her home, the child was approached by an unknown man in a car, the color of which she was unable to remember. The man ordered her into his car and then drove her to a “water fountain” near the SWEPCO power plant in Shreveport, where he molested her. After raping the child, the man drove to a location near her house, where she was released.
*1370 The third count of attempted aggravated rape lodged against defendant arises out of the following circumstances. On July 30, 1978, a six-year-old child was playing near her front yard with her younger sister when a man in an orange automobile drove up and asked her to get in the car and show him the way to the store. When she failed to comply with this request, the man grabbed her and placed her in the vehicle. He then drove to a vacant house near Lake Cliff where he assaulted her. After completing the rape, the man drove her to March Street, where she got out of the car and ran home.
The last offense allegedly committed by defendant occurred during the early evening hours of September 3, 1978. On that date, another six-year-old girl was playing in her front yard when a man riding a bicycle approached and asked her to go to the store with him. After receiving her mother’s permission, she got on the bicycle with the man who took her to some old houses on Jamison Street where he sexually assaulted her. The child was subsequently released at a location near her home.
Prior to trial, the defendant filed a motion for severance of offenses claiming prej-udieial joinder under C.Cr.P. art. 495.1. The defendant claimed that the effect of trying these four separate offenses together would be to erode his constitutional presumption of innocence by causing doubtful jurors to feel certain that the defendant was guilty of something. Furthermore, defendant claims that the number of offenses charged would cause the trier of fact difficulty in distinguishing the evidence and applying the law intelligently to each offense. The defendant did not produce any testimony nor evidence supporting these allegations nor did he request any limiting instructions at trial. Rather, he argued that this Court’s interpretation of La.C.Cr.P. art. 495.1 in State v. Carter, 352 So.2d 607 (La.1977), mandates severance in his case.
In Carter, we recognized that although our legislature had adopted the federal rule on joinder [1], it did not adopt the federal rule on severance.[2] Justice Calogero, writing for the Court, stated:
“. . .we recognize that the federal rules allow joinder of offenses of the same or similar character but provide that the trial court may, in its discretion, sever the offenses for separate trials upon a showing of prejudice by either *1371 party. The ABA Standards likewise allow joinder of the same or similar offenses but offer defendant an absolute right to severance when offenses have been joined solely on that ground. Our newly-adopted Louisiana provision is a cross between these two. Although the prosecutor has the option to join into one indictment offenses of the same or similar character, on application of the defendant or the state, the court ‘shall grant’ a severance of offenses whenever ‘it is deemed appropriate to promote a fair determination of the defendant’s guilt or innocence of each offense.’ ” Carter, supra, at 610.
In Carter, this Court set the parameters for the exercise of the trial court’s discretion under C.Cr.P. art. 495.1 as follows:
“. . . when crimes, which have been joined simply because they are the same or similar character offenses, are indeed legitimate ‘other crimes’ under Prieur [State v. Prieur, 277 So.2d 126 (La.)] and its progeny (the offenses are sufficiently similar, the evidence is relevant to a real issue in each case, and the prejudicial effect of the evidence does not outweigh its probative value), a decision not to sever the crimes will normally be proper. Conversely, we hold that when offenses, which have been joined solely because they are same or similar character offenses, are not legitimate ‘other crimes’ under Prieur and its progeny, they should normally be severed upon pretrial motion of the accused or the state.” Carter, supra, at 614.
After Carter, however, the legislature amended C.Cr.P. art. 495.1 in 1978 and adopted an article tracking the federal severance provision.[3] We regard this legislation as an obvious attempt to adopt the federal rule as to severance, and turn to the federal jurisprudence for guidance.
It is well-established in the federal courts that the defendant has a heavy burden of proof when he alleges prejudicial joinder. United States v. Allstate Mortgage Corporation, 507 F.2d 492 (7th Cir. 1974). A motion for relief from a prejudicial joinder is addressed to the sound discretion of the trial court and the court’s ruling should not be disturbed on appeal absent a showing of an abuse of that discretion. United States v. Olson, 504 F.2d 1222 (9th Cir. 1974); United States v. Ziperstein, 601 F.2d 281 (7th Cir. 1979). Thus, in order for an appellate court to reverse the trial court’s ruling, there must be a showing of clear prejudice. United States v. Bowman, 602 F.2d 160 (8th Cir. 1979).
In ruling on the motion, the trial court must weigh the possibility of prejudice versus the important considerations of judicial economy and administration. In determining whether prejudice may result from, the joinder, the court should consider whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. See Drew v. United States, 331 F.2d 85 (D.C.Cir.1964); United States v. Weber, 437 F.2d 327 (3rd Cir. 1970).
In Drew, supra, the Court, in dealing with a similar joinder situation, noted:
“[5] It is a principle of long standing in our law that evidence of one crime is inadmissible to prove disposition to commit crime, from which the jury may infer that the defendant committed the crime charged. Since the likelihood that juries will make such an improper inference is high, courts presume prejudice and exclude evidence of other crimes unless that *1372 evidence can be admitted for some substantial, legitimate purpose. The same dangers appear to exist when two crimes are joined for trial, and the same principles of prophylaxis are applicable.” Drew, supra at 89. [Footnotes omitted].
In some cases, evidence of other crimes is admissible to show:
“. . . (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of the one tends to establish the other, and (5) the identity of the person charged with the commission of the crime on trial. When the evidence is relevant and important to one of these five issues, it is generally conceded that the prejudicial effect may be outweighed by the probative value.” Drew, supra at 90. [Footnotes omitted].
The Court noted that any prejudice which would result from the introduction of the evidence of other crimes would not be enlarged by the fact of joinder in those incidents where the crimes would have been admissible in several trials. With these principles in mind, the federal courts have fashioned a rule whereby crimes which are not admissible in separate trials ordinarily should not be tried together. Robinson v. United States, 459 F.2d 847 (D.C.Cir.1972); United States v. Carter, 475 F.2d 349 (D.C. Cir.1973). The Court noted, however, that the federal courts have not found that all such situations merit severance. For instance,
“[10] The federal courts have, however, found no prejudicial effect from joinder when the evidence of each crime is simple and distinct, even though such evidence might not have been admissible in separate trials . This rests upon the assumption that, with a proper charge, the jury can easily keep such evidence separate in their deliberations and, therefore, the danger of the jury’s cumulating the evidence is substantially reduced.” Drew, supra at 91.
Thus, where the parties and the judge through an orderly presentation of the evidence and careful and precise instructions, limit the possible prejudice brought about by joinder, severance may not be mandatory-
After a review of the federal jurisprudence, we conclude that Carter still does remain viable as a criteria for judging when there is a strong possibility of prejudice but the new article allows more flexibility on the part of the trial court in fashioning relief from possible prejudice. Unlike the old article 495.1, which required the trial court to grant a severance when appropriate to promote a fair trial, the new statute allows the trial court to either order separate trials, grant a severance or provide whatever other relief justice requires. Therefore, under the new rule, a severance need not be granted if the prejudice can effectively be avoided by other safeguards.
Applying these principles to the present case, however, we find that the trial court did abuse its discretion in denying the motion for severance. In Louisiana, “Evidence of crimes other than the one for which the defendant is on trial is admissible as ‘other crimes’ evidence when the two incidents exhibit such peculiar modes of operation to distinguish them as the work of one person” and when they are relevant to a material issue in the case. La.R.S. 15:446; State v. Carter, supra; State v. Prieur, 277 So.2d 126 (La.1973).
The four crimes tried together here, although similar, are not so unique as to qualify as “signature crimes”. Although all four involved sexual assault on small girls, the method of assault varied with each. The perpetrators’ mode of transportation differed in one instance. The methods of enticement varied and finally, the four attacks occurred in four different places at four different times. Thus, these crimes were not admissible under the Prieur rationale.
We further note that although the evidence for each crime was simple and distinct, the trial court’s instruction offered little guidance to the jury in order to pre *1373 vent their cumulating the evidence.[4] Finally, we note that the crimes herein charged, involving sexual molestation of young children, are the type of crimes which arouse a hostility in any jury which would be compounded by each additional charge. Our review can only lead to the conclusion that the defendant herein suffered substantial prejudice in trying these counts together. For this reason, we find that the trial court erred in denying the defendant’s motion for severance.
By assignment of error number five, the defendant contends that the trial court erred in sustaining a state objection on relevancy to defense counsel’s questioning of a police witness regarding other child rapes in the Shreveport area.
La.R.S. 15:441 defines relevant evidence as follows:
“Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
“Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.”
This Court has held that a trial judge’s ruling as to the relevancy of evidence will not be disturbed absent a clear abuse of discretion. State v. Weems, 358 So.2d 285 (La.1978); State v. Winston, 343 So.2d 171 (La.1977). In this case, the sole issue was the identity of the perpetrator. Regardless of the intent of the state, the joinder of the four offenses in the same trial painted a picture which suggested that the defendant's guilt of one alleged offense was highly corroborative of his guilt of similar offenses. If, as defense counsel contends, there were other highly similar offenses after the defendant’s arrest, then this fact would weaken the state’s case against the defendant. The obvious purpose of the defendant’s query was to show that the alleged rapes were committed by a person or persons other than the defendant. We can only conclude that such evidence is relevant where the state, through joinder, has attempted to establish the defendant’s identity through evidence of several offenses.
Further, we note that traditional and fundamental standards of due process require that an accused person must be allowed to make out his defense to the state’s charges. Chambers v. Miss., 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). We find it fundamentally unfair to allow the state in an instance of joinder to introduce evidence of similar crimes and thereby infer that defendant is the culprit, yet not let the defendant create a countervailing inference. For these reasons, we find that the trial court abused its discretion in limiting counsel’s examination as to the child rapes after he had been arrested and placed in jail.
For the reasons assigned, the defendant’s convictions are reversed and the case is remanded for a new trial in accordance with this decision. •
REVERSED AND REMANDED.
MARCUS, J., dissents.

 Honorable Richard H. Gauthier participated in this decision as Associate Justice Ad Hoc.

. Compare C.Cr.P. art. 493, which reads as follows, with the federal rule, 8(a):
“Art. 493. Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.” Amended by Acts 1975, No. 528, § 2.
Rule 8(a) of the Federal Rules of Criminal Procedure provides as follows:
“Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.”

. Our provision read as follows:
“Art. 495.1. Severance of offenses. The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever: (a) if before trial, it is deemed appropriate to promote a fair determination of the defendant’s guilt or innocence of each offense; or (b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant’s guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.” Added by Acts 1975, No. 528, § 3 (amended).
The federal rule was:
“If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.”

. “Art. 495.1. Severance of offenses. If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.” Added by Acts 1975, No. 528, § 3. Amended by Acts 1978, No. 466, § 1.

. Judge Clark gave only the following instruction:
“This defendant is charged with four counts of Attempted Aggravated Rape. You may render any combination of verdicts you find appropriate from the law and evidence. You are not obligated to find the defendant guilty on all counts or not guilty on all counts. You may find the defendant guilty on all counts or not guilty on all counts, or you may find any possible combinations of guilty verdicts to each count, or you may find the defendant not guilty on one count and return one of the possible guilty verdicts on the other counts.
“More simply stated, you should return the verdict as to each count you feel the facts and the law dictate. However, you are to reach one separate verdict as to each of the four counts.”