983 F.2d 1078
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Rodney Elton HARRELL, Defendant-Appellee.
 No. 92-50164.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the district court's refusal to reconsider its order enforcing an expired plea offer over the government's objection. The government claims the district court was without authority to order specific performance of the agreement, which appellee failed to accept within the allotted time. We have jurisdiction under 18 U.S.C. § 3731, and we vacate the district court's order dismissing Counts I and III, reverse the judgment of conviction on Count II, and remand this case for further proceedings.
 
 
 3
 We review de novo a district court's construction of the law United States v. Semler, 883 F.2d 832, 833 (9th Cir.1989). The government and the defendant may "engage in discussions with a view toward reaching [a plea] agreement ... [but] the court shall not participate in any such discussions." Fed.R.Crim.P. 11(e)(1). "Plea bargaining is not a constitutional right; the Government can refuse to bargain altogether, and can thus cut off or limit negotiations if it chooses to do so." United States v. Herrera, 640 F.2d 958, 962 (9th Cir.1981). The separation of powers doctrine forbids the courts to interfere with the United States Attorney's discretion to control criminal prosecutions. United States v. Olson 504 F.2d 1222, 1225 (9th Cir.1974).
 
 
 4
 Here, appellee was indicted on October 22, 1991 in three counts with various crimes arising out of his scheme to defraud a bank and launder the proceeds of his fraud. At a status conference on December 23, 1991, the government offered to move for the dismissal of Counts I and III in exchange for appellee's plea of guilty to Count II. Later that day, the government confirmed its offer by telecopy. The offer plainly stated that the offer would be automatically withdrawn at 3:00 pm on December 27, 1991 if appellee did not accept it before that time.
 
 
 5
 The following day, appellee claims, he informed the government that he could not accept or reject the offer within the allotted time and the government responded he could "take it or leave it."[1] Appellee did not respond to the offer before December 27, 1991, but on January 9, 1992, he filed a motion to enforce the plea bargain in the district court.
 
 
 6
 The district court decided the window of opportunity to accept the offer was unreasonably short, and accepted appellee's guilty plea in accordance with the proposed agreement over the government's objection. On February 10, 1992, the district court denied the government's motion for reconsideration, and dismissed Counts I and III on its own motion. The United States argues that the district court had no authority to extend the plea offer, which expired by its own terms on December 27, 1991. We agree.
 
 
 7
 Although a district court is authorized to interpret a valid plea agreement, see, e.g., United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990), the Constitution forbids a district court to change the terms of an offer when no agreement is reached. See Olson, 504 F.2d at 1225. The government's prerogative not to bargain at all necessarily includes the prerogative to make unreasonable offers which it is the defendant's prerogative to reject. See Herrera, 640 F.2d at 962. Accordingly, we vacate the district court's order and remand this case for further proceedings consistent with this disposition.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government disputes these facts. We decline to address this dispute because it is immaterial to our disposition of this case