NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 24-191

STATE OF LOUISIANA

VERSUS

STERLING TERREL BROWN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 352,866
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Candyce G. Perret, Judges.

AFFIRMED.

**Hon. Phillip Terrell, Jr.**
**9th Judicial District District Attorney**
**Lea R. Hall, Jr.**
**Assistant District Attorney**
**Kenneth A. Doggett, Jr.**
**Assistant District Attorney**
**P. O. Box 7358**
**Alexandria, La 71306-7358**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Sterling Terrel Brown**

**Sterling Terrel Brown**
**Louisiana State Penitentiary**
**Camp C - Bear 2**
**Angola, LA 70712-3029**
**DEFENDANT-APPELLANT**

**PERRET, Judge.**

Defendant, Sterling Terrel Brown, was charged by indictment filed on November 16, 2021, with the second degree murder of his father, Sean Henderson, a violation of La.R.S. 14:30.1. After trial, a jury returned a guilty verdict on September 29, 2023, for which Defendant was subsequently sentenced to serve life at hard labor without benefit of probation, parole, or suspension of sentence.

Prior to trial, Defendant filed a Notice of Intent to Use Evidence of Other Crimes Pursuant to Louisiana Code of Evidence, Article 404(B), seeking to use the victim's criminal record. After arguments and taking the matter under advisement, the trial court denied Defendant the use of the victim's criminal record. Defendant is before this court on appeal asserting that the trial court erred in denying his request to introduce the victim's prior drug convictions. For the following reasons Defendant's conviction is affirmed.

**FACTS AND PROCEDURAL HISTORY:**

Defendant lived with the victim, Sean Henderson. On December 5, 2019, Defendant reported a home invasion by three masked men who kicked in the door, and then proceeded to beat and zip tie him and Henderson. When police arrived, Henderson was deceased with his hands zip tied behind his back. Testimony from Dr. Christopher Tape, the forensic pathologist who performed the victim's autopsy, described the manner of death as blunt force injuries to the head, strangulation and smothered due to assault. However, despite the house appearing "ransacked," officers testified at trial that it was "ransacked in a way where nothing was broken," except for one dresser drawer, and nothing of value appeared to be taken. The officers also found no evidence of forced entry. Ultimately, Defendant was convicted of murdering Henderson.

**DISCUSSION:**[1]

In his only assignment of error, Defendant contends that the trial court deprived him of his constitutional right to present a defense by denying his request to introduce the victim's prior convictions as evidence. Defendant asserts that the victim's prior convictions support his defense that intruders had a motive to enter the home.

Defendant filed a "Notice of Intent to Use Evidence of Other Crimes Pursuant to Louisiana Code of Evidence Article 404(B)" on September 25, 2023.[2] Therein, Defendant sought to introduce evidence of the victim's three prior convictions: 1) October 2, 2006, possession of cocaine; 2) April 3, 2006, aggravated battery; 3) May 5, 1997, possession of a schedule II controlled dangerous substance. At the hearing on the issue, the State alleged that the purpose of introducing the victim's prior convictions was to paint the victim as a drug dealer to substantiate the allegations in

---

[1] In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

[2] While Defendant's motion sought to introduce evidence of the victim's prior crimes under La.Code Evid. art. 404(B), the subsequent arguments fit more appropriately under subsection (A). In fact, the trial court referenced La.Code Evid. art. 404(A), in its ruling.

> [T]he issue involves the . . . criminal history of the victim in this matter, the deceased, as laid out in the Notice of Intent and also the argument of counsel. Under Article 404, in essence not necessarily a (B) or talk about Section A, the character of - - part two is character of the victim.
>
> . . . .
>
> . . . Reviewing a prior case similar in nature, *State v. Hicks*, [16-462 (La.App. 5 Cir. 2/8/17), 213 So.3d 458, *writ denied*, 17-445 (La. 11/13/17), 230 So.3d 205] . . . a second degree murder case dealing with evidence of the victim's felony criminal record where a self-defense claim was not made. In that case, that Court of Appeals ruled that, that evidence is not admissible based upon Article 404(A)(2) . . . . So, this matter then - - for the defense, the Notice of Intent for those of the victim's criminal record will be denied at this time.

Furthermore, after review, this court could not find jurisprudence wherein subsection (B) applied to determine the admissibility of the *victim's* prior crimes as evidence. Instead, subsection (B) has repeatedly been applied to determine the admissibility of the *defendant's* prior crimes as evidence. Thus, our analysis will consider La.Code Evid. art. 404(A).

2

Defendant's statement to police. However, the State argued that evidence of the victim's character, such as the propensity to possess cocaine, was not admissible to prove he acted in conformity therewith on a particular occasion. Defendant argued that the prior convictions were admissible to show a motive for why the events occurred, and the plea to twelve years for possession of cocaine was relevant. The trial court took the matter under advisement.

On September 27, 2023, the trial court denied Defendant's motion. The court cited La.Code Evid. art. 404 and noted there was no claim of self-defense or overt act on the part of the victim. The trial court also discussed *State v. Hicks*, 16-462 (La.App. 5 Cir. 2/8/17), 213 So.3d 458, *writ denied*, 17-445 (La. 11/13/17), 230 So.3d 205.

On appeal, we review a trial court's evidentiary rulings for abuse of discretion. *State in Interest of A.J.J.*, 23-117 (La.App. 3 Cir. 7/12/23), 368 So.3d 790. "As such, absent an abuse of discretion, a trial court's ruling on the admissibility of evidence pursuant to La. C. E. art. 404(B)(1) will not be disturbed." *State v. Hunter*, 22-742, p. 8 (La.App. 4 Cir. 7/6/23), 371 So.3d 108, 115, *writ denied*, 23-1091 (La. 2/27/24), 379 So.3d 668.

Louisiana Code of Evidence Article 404 provides:

> **A. Character evidence generally.** Evidence of a person's character or a trait of his character, such as a moral quality, is not admissible in a civil or criminal proceeding for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> **(1) Character of accused.** Evidence of a pertinent trait of his character, such as a moral quality, offered by an accused, or by the prosecution to rebut the character evidence; provided that such evidence shall be restricted to showing those moral qualities pertinent to the crime with which he is charged, and that character evidence cannot destroy conclusive evidence of guilt.

**(2) Character of victim.** (a) Except as provided in Article 412, evidence of a pertinent trait of character, such as a moral quality, of the victim of the crime offered by an accused, or by the prosecution to rebut the character evidence; provided that in the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of his dangerous character is not admissible; provided further that when the accused pleads self-defense and there is a history of assaultive behavior between the victim and the accused and the accused lived in a familial or intimate relationship such as, but not limited to, the husband-wife, parent-child, or concubinage relationship, it shall not be necessary to first show a hostile demonstration or overt act on the part of the victim in order to introduce evidence of the dangerous character of the victim, including specific instances of conduct and domestic violence; and further provided that an expert's opinion as to the effects of the prior assaultive acts on the accused's state of mind is admissible; or

(b) Evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

. . . .

**B. Other crimes, wrongs, or acts; creative or artistic expression.** (1)(a) Except as provided in Article 412 or as otherwise provided by law, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

. . . .

(c) This Paragraph shall not be construed to limit the admission or consideration of evidence under any other rule.

(2) In the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of the victim's prior threats against the accused or the accused's state of mind as to the victim's dangerous character is not admissible; provided that when the accused pleads self-defense and there is a history of assaultive behavior between the victim and the accused and the accused lived in a familial or intimate relationship such as, but not limited to, the husband-wife, parent-child, or concubinage

relationship, it shall not be necessary to first show a hostile demonstration or overt act on the part of the victim in order to introduce evidence of the dangerous character of the victim, including specific instances of conduct and domestic violence; and further provided that an expert's opinion as to the effects of the prior assaultive acts on the accused's state of mind is admissible.

On appeal, Defendant asserts that La.Code Evid. art. 404 does not prohibit the use of the victim's prior drug convictions to support his contention that third parties had a motive to commit the crime. He argues that the prior convictions lend "credence to the assertion that there was money in the home or intruders may have broken in thinking there was money." Defendant notes that the victim's last offense was in 2006, he was incarcerated as late as 2012 for possession of twenty-eight to one hundred grams of cocaine, and, to Defendant's knowledge, the victim had no job. Defendant suggests his fundamental right to present a defense cannot be superseded by evidentiary rules, and that a defendant may always assert that someone else committed the crime. In support of his claims, Defendant cites *State v. Wilson*, 17-908 (La. 12/5/18), 319 So.3d 262, *writ denied*, 17-1025 (La. 2/18/19), 265 So.3d 770; *State v. Gremillion*, 542 So.2d 1074 (La.1989); and *State v. Van Winkle*, 94-947 (La. 6/30/95), 658 So.2d 198.

However, the State asserts that the trial court did not prevent Defendant from presenting a defense but merely excluded evidence of the victim's convictions, which were thirteen and twenty-two years old, irrelevant, and could lead to jury confusion. The State notes Defendant was aware the victim had been arrested in the past. Moreover, the jury heard testimony that the victim had narcotics in his system at the time of his death. The State cites *Hicks*, 213 So.3d 458, in support of its argument.

In *Van Winkle*, 658 So.2d at 202, the supreme court stated:

5

Evidentiary rules may not supersede the fundamental right to present a defense. In *State v. Gremillion,* supra, the defendant attempted to introduce evidence that third parties, rather than the defendant, had killed the victim. The evidence consisted of a statement that the victim had made to a sheriff's deputy who investigated the crime. The statement was that he had been attacked and beaten by three white males. The trial court and the Court of Appeal both held the statement was inadmissible hearsay. We agreed that the statement was hearsay and that it did not meet any applicable exception (res gestae, dying declaration, business records). However, we concluded that normally inadmissible hearsay may be admitted if it is reliable, trustworthy and relevant, and if to exclude it would compromise the defendant's right to present a defense. *See Chambers v. Mississippi,* 410 U.S. [284,] 302, 93 S.Ct. [1038,] 1049 (1972). Exclusion of the statement in *Gremillion* impermissibly impaired the defendant's fundamental right. 542 So.2d at 1079, citing *State v. Washington,* 386 So.2d 1368 (La.1980).

Similarly, in *State v. Vigee,* [94-947 (La. 6/30/95), 658 So.2d 198], we held that hearsay evidence supporting the defendant's theory of the case and undermining the State's lead witnesses was relevant; excluding it mandated reversal. The defendant may *always* assert that someone else committed the crime. *Chambers v. Mississippi, supra; State v. Ludwig,* 423 So.2d 1073 (La.1982).

The facts here are quite simple. A 12–year–old boy was murdered at home; his body appeared to be penetrated anally, and his underwear was stained with blood. Analysis of the oral and anal swabs yielded, in our view, confusing results. The defense showed that Darrell was an unrelated male living in the victim's home, was not sexually involved with the boy's mother and was present at the time of the murder. From this the defendant theorized that he is homosexual and that he, along with a homosexual partner, killed the boy. The defense tried to show from the autopsy that the victim was the target of homosexual activity. It also tried to show that Darrell frequented gay bars, and successfully placed him in such a bar on numerous occasions in the company of and leaving with another adult male. A defense witness testified that he saw this other adult male leaving the victim's apartment on the morning of the murder.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La.C.Ev. art. 401. On this record, we are constrained to find that the contested portions of Ms. Van Winkle's questioning of Ms. Williams, the State's chemist, Dr. Garcia, the deputy coroner, and Darrell Hurst, the lead fact witness, were relevant to establishing her defense theory. By abridging the cross examination of these witnesses, the trial court impaired Ms. Van Winkle's constitutional right to present

a defense. *Chambers v. Mississippi, supra; cf. State v. Mosby,* [595 So.2d 1135 (La.1992)].

We are also constrained to find a reasonable possibility that the excluded evidence might have contributed to the conviction, and its exclusion was not harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 22–23, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967). Given the equivocal nature of Ms. Van Winkle's statements and of the forensic evidence, the State's case was circumstantial; the defense theory, if properly presented, may well have been sufficient to plant reasonable doubt in the jury's mind. For these reasons, the conviction must be reversed and the case remanded for a new trial. Because Ms. Van Winkle was previously convicted of manslaughter, she may not be retried for any greater offense. *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *State v. Clark,* 231 La. 807, 93 So.2d 13 (1957); *State v. Magouirk,* 539 So.2d 50 (La.App.2d Cir.1988), recalled in part, appeal after remand 561 So.2d 801 (La.App.2d Cir.), writ denied 566 So.2d 983 (1990).

The cases cited by Defendant address the admissibility of hearsay statements, not evidence of prior convictions, and are therefore distinguishable.[3] We find the fifth circuit's decisions in *Hicks*, 213 So.3d 458, which the trial court relied on, and *State v. Garrison*, 19-62 (La.App. 5 Cir. 4/23/20), 297 So.3d 190, *writ denied*, 20-547 (La. 9/23/20), 301 So.3d 1190, *cert. denied*, ___ U.S. ___, 141 S.Ct. 2864 (2021), to be more pertinent to the issue presented herein.

In *Hicks*, 213 So.3d 458, the defendant was convicted of second degree murder. On appeal, he alleged that the trial court erred in denying his request to admit evidence of the victim's prior convictions, which included drug distribution. The defendant argued that the record tended to support the defense that other individuals may have had motive to kill the victim, and the victim's prior convictions would further support that theory. Thus, since his defense was that he did not kill anyone and this was not a claim of self-defense, the defendant asserted that it was

---

[3] *Wilson*, 319 So.3d 262, discussed the admissibility of the initial suspect's alleged statement to a witness, and *Gremillion*, 542 So.2d 1074, focused on the victim's statement to police.

7

error to prohibit him from presenting the prior convictions evidence. The defendant claimed that the victim was a convicted felon with a long record of narcotics distribution, a notoriously violent activity, and that, at the time of his death, he was carrying cocaine packaged for retail distribution and was intoxicated on the drug. The defendant further argued that the trial judge's ruling excluding this evidence violated his Sixth Amendment right to present a defense. In addressing the issue, the fifth circuit stated:

> Both the Sixth Amendment of the United States Constitution and Article I, § 16 of the Louisiana Constitution guarantee a criminal defendant the right to present a defense. *State v. Lirette*, 11-1167 (La. App. 5 Cir. 6/28/12); 102 So.3d 801, 813, *writ denied*, 12-1694 (La. 2/22/13); 108 So.3d 763. This right does not require a trial court to permit the introduction of evidence that is inadmissible, irrelevant, or has so little probative value that it is substantially outweighed by other legitimate considerations in the administration of justice. *Id.* The trial court is accorded great discretion in evidentiary rulings and, absent a clear abuse of that discretion, rulings regarding the relevancy and admissibility of evidence will not be disturbed on appeal. *State v. Sandoval*, 02-230 (La. App. 5 Cir. 2/25/03); 841 So.2d 977, 985, *writ denied*, 03-853 (La. 10/3/03); 855 So.2d 308.

> La. C.E. art. 404(A)(2) governs admissibility of character evidence of a victim and states, in pertinent part:

>> **(2) Character of victim.** (a) Except as provided in Article 412, evidence of a pertinent trait of character, such as a moral quality, of the victim of the crime offered by an accused, or by the prosecution to rebut the character evidence; provided that in the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of his dangerous character is not admissible.

> In *State v. Brown*, 46,669 (La. App. 2 Cir. 2/29/12); 86 So.3d 726, *writs denied*, 12-0724 (La. 9/14/12); 97 So.3d 1016 and 14-0321 (La. 10/24/14); 151 So.3d 593, the defendant argued that the trial court erred by prohibiting him from presenting a full defense. He contended that critical to his defense was his ability to prove, through pertinent character traits of the victim and the victim's criminal record, that other people had a motive to kill the victim. The appellate court found that a review of the record indicated that the trial court ruled that the defendant could not admit evidence concerning the criminal history of

the victim unless he first laid a foundation supporting the relevance of such character evidence. The appellate court further found that the trial court did not prevent the defendant from presenting a defense, because the defendant failed to lay a foundation sufficient to support the admission of the victim's criminal record. *Id.*, 86 So.3d at 734–35.

In *State v. Keating*, 00-51 (La. App. 5 Cir. 10/18/00); 772 So.2d 740, *writ denied*, 00-3150 (La. 10/12/01); 799 So.2d 494, the defendant contended that the trial court violated his right to fully present a defense when it refused to allow him to put on evidence of the victim's criminal convictions. This Court found that there was no evidence produced that the victim made a hostile demonstration or committed an overt act against the defendant at the time of the incident. Thus, this Court found that the trial court did not err in refusing to allow evidence of the victim's prior convictions, citing La. C.E. art. 404(A)(2)(a). This Court further found that even assuming that the trial judge erred by excluding such evidence, the defendant was not prejudiced by the ruling since the jury heard testimony regarding the victim's violent propensities as well as his criminal record. *Id.*, 772 So.2d at 746–47.

In *State v. Young*, 99-1054 (La. App. 5 Cir. 2/16/00); 757 So.2d 797, the defendant argued that the trial court erred by not allowing him to introduce evidence of the character of Willie Henderson, a friend of the victim who was present at the time of the offense, particularly his propensity for violent behavior, pursuant to La. C.E. art. 404(A)(2). This Court found that a violation of the statute in question did not create a specific victim, but that even if Mr. Henderson was considered a victim for purposes of Article 404, the requirements for admission of character evidence under that article were not met. This Court stated that the testimony indicated that it was the defendant who committed the initial hostile act. It asserted that the trial court did not err in excluding the character evidence and that the defendant was not prejudiced by the ruling. This Court noted that the defendant testified that Mr. Henderson had been involved in several shootings and armed robberies and that Mr. Henderson had a gun with him every time he saw him. This Court found that the jury heard the defendant's testimony and apparently rejected it. *Id.*, 757 So.2d at 800–01.

In the instant case, as in *Brown*, *Keating*, and *Young*, there was no evidence admitted at trial showing that the victim made a hostile demonstration or committed an overt act against Defendant at the time of the incident pursuant to La. C.E. art. 404(A)(2)(a). . . .

Therefore, we find that the trial judge did not err by refusing to allow evidence of the victim's prior convictions.

*Id.* at 465–67 (added footnote omitted).

9

Additionally, in *Garrison*, 297 So.3d 190, the court was called on to review the trial court's denial of the defendant's request to introduce the victim's prior manslaughter conviction as an attempt to show the victim had a substantial number of enemies who may have wished him harm. In *Garrison*, the defendant was prosecuted for second-degree murder and armed robbery. The fifth circuit found evidence of the victim's prior conviction was irrelevant, and the defendant's right to present a defense was not infringed. In reaching its decision, the court noted that no evidence was offered to show that the victim made a hostile demonstration or committed an overt act against the defendant at the time of the shooting incident, the defendant did not argue self-defense, and the manslaughter occurred twelve years before the defendant committed the offenses.

Based on the rulings in *Hicks* and *Garrison*, we find that the trial court did not abuse its discretion in finding the victim's prior convictions inadmissible. Defendant did not raise self-defense, and there was no evidence of an overt act or hostile demonstration by the victim. Defendant put forth a defense—three masked men entered the home, beat both the victim and Defendant, and tied them both up—which the jury rejected. The jury also heard Defendant's statement to police in which Defendant said he did not think the victim was employed, and the victim had been arrested and had been in jail. Moreover, Dr. Tape, the forensic pathologist, testified that the victim's toxicology report showed there was morphine, codeine, and heroine metabolites in the victim's system.

For these reasons, Defendant's assigned error lacks merit. We find no abuse of discretion in the trial court's finding that the victim's prior convictions were inadmissible.

**DECREE:**

Considering the above, Defendant's conviction is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.